UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON MOHLMAN,

    Plaintiff,

v.

DTE ELECTRIC COMPANY,

    Defendant.

Case No. 26-10197
Honorable Laurie J. Michelson

---

## ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS [2] AND DISMISSING COMPLAINT [1]

---

After having his case dismissed for lack of subject matter jurisdiction, Aaron Mohlman, proceeding *pro se*, refiled his lawsuit against DTE. (ECF No. 1). In his earlier suit, Mohlman raised state law claims related to DTE allegedly overcharging on his utility bills. *Mohlman v. DTE Electric Co.*, No. 25-14138 (E.D. Mich. Dec. 23, 2025), ECF No. 1. But without diversity between the parties or a federal claim, his case was screened and dismissed under 28 U.S.C. § 1915(e)(2). *Mohlman*, No. 25-14138, ECF No. 5. Mohlman's new lawsuit alleges federal claims—namely, that DTE violated the Fourth, Fifth, and Fourteenth Amendments by overbilling him. (ECF No. 1, PageID.2.) Along with his complaint, Mohlman filed a motion to proceed without prepaying fees or costs. (ECF No. 2.)

## I.

As an initial matter, the Court grants Mohlman's motion to proceed without prepayment of the filing fee and costs. (ECF No. 2.) Mohlman alleges he earns $300

per month with no savings or assets (*id.* at PageID.5–6), so the Court finds that he has made the required showing of indigence, *see* 28 U.S.C. § 1915(a)(1).

That said, Mohlman's complaint (ECF No. 1) must be dismissed because it fails to state any plausible federal claim.

## II.

In cases like this one, where a plaintiff has been permitted to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915, the Court has an additional responsibility: screen and dismiss any complaint that is "frivolous" or "malicious" or that "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Likewise, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

So although the Court must liberally construe complaints brought by self-represented plaintiffs like Mohlman, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), it must also screen out complaints that fail to satisfy basic pleading requirements, *see Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at \*2 (6th Cir. July 27, 2022) ("Although we construe pro se pleadings liberally, the basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019))); *see also Martin v. Overton*,

391 F.3d 710, 714 (6th Cir. 2004) ("The leniency granted to pro se petitioners . . . is not boundless. . . . Traditionally the 'leniency standard' has still required basic pleading standards." (citation omitted)).

## III.

According to Mohlman, DTE violated the Fourth, Fifth,[1] and Fourteenth Amendments. (ECF No. 1, PageID.2.) To start, an individual cannot directly sue for damages under the Constitution. *See, e.g., Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014) ("To the extent that Appellants attempt to assert direct constitutional claims, they fail; we have long held that § 1983 provides the exclusive remedy for constitutional violations.") (citation omitted); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. . . .[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." (citing cases)). Thus, the Court construes Mohlman to be asserting a claim for money damages under 42 U.S.C. § 1983. (*See id.* at PageID.3–4 (seeking monetary relief)); *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). Even so, he has not and cannot plead a plausible claim.

---

[1] Mohlman labels this count as "Inverse Condemnation" and says it is "when a governmental entity or its agent takes private property for public use without just compensation." (ECF No. 1, PageID.2.) The Court construes this as a claim made under the Fifth Amendment's Takings Clause. U.S. Const. amend. V, cl. 4.

Under § 1983, an individual can bring suit for a violation of federal constitutional rights if he shows (1) he was deprived of a right secured by the federal Constitution; and (2) the deprivation was caused by a state actor. *See Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015). Simply naming a federal constitutional or statutory right is not enough to satisfy the first requirement. *See Ford v. Hamilton Univ.*, 29 F.3d 255, 258 (6th Cir. 1994) ("Merely referring to a federal statute, however, does not establish federal jurisdiction if the dispute does not involve 'a substantial question of federal law.'"). A plaintiff must instead set forth facts showing how a defendant's alleged misconduct violated a constitutional right. Mohlman has not done so.

And even if it were enough to simply list constitutional amendments that DTE allegedly violated, Mohlman clearly fails to satisfy the second requirement of a § 1983 claim because he sues a private company, not a state actor. *See Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) ("[M]ost rights secured by the Constitution are protected only against infringement by governments." (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978))). And while a private entity may be considered a state actor when its conduct is "fairly attributable" to the state, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982), that does not apply to a private utility company like DTE. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974) (holding that the furnishing of utility services is not a state function); *Bormuth v. Consumers Energy Co.*, No. 23-11307, 2023 WL 9229109, at *7 (E.D. Mich. Dec. 12, 2023), *report and recommendation adopted*, No. 23-11307, 2024 WL 660171 (E.D. Mich. Feb. 16, 2024)

4

(concluding that, because a private utility company is not a state actor, it could not be sued under § 1983). Indeed, other courts have found that DTE is not a state actor for purposes of § 1983. *See Kelmendi v. Pacito*, No. 17-12325, 2018 WL 3956366, at *5 (E.D. Mich. Aug. 17, 2018) (granting DTE's motion to dismiss because it is not a state actor subject to claims under § 1983); *Constant v. DTE Elec. Co.*, No. 19-10339, 2020 WL 2836324, at *3 (E.D. Mich. May 31, 2020) (same).

In sum, Mohlman fails to state a claim for a relief under § 1983 and he raises no other federal claim. Thus, once again, his case must be dismissed.

## IV.

For these reasons, the Court GRANTS Mohlman's application to proceed without prepaying fees or costs (ECF No. 2) and DISMISSES his complaint (ECF No. 1).

SO ORDERED.


Dated: February 10, 2026


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

5